IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| E.W. BRANDT & SONS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>EXCLUSIVE PRODUCE, INC.,<br><br>    Defendant. | Case No.:<br><br>COMPLAINT |

Plaintiff, E.W. Brandt & Sons (hereinafter E.W. Brandt), complains and alleges as follows:

## I. PARTIES

1. E.W. Brandt is a corporation organized to do business under the laws of the State of Washington with its principal place of business located in Parker, Washington. E.W. Brandt is licensed pursuant to the Perishable Agricultural Commodities Act of 1930 (PACA). Its license number is #19850347.

2. Upon information and belief, defendant Exclusive Produce, Inc. is a corporation organized to do business under the laws of the State of New York with its principal place of business located in Brooklyn, New York. At the time of the transactions alleged herein, Exclusive Produce was licensed as a produce wholesaler under PACA.

COMPLAINT - 1

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

## II.  JURISDICTION AND VENUE

3. This court has jurisdiction over this case pursuant to 7 U.S.C. §499(g)(b) and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

4. At all times relevant herein, Exclusive Produce was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer, or wholesaler and was therefore subject to the provisions of PACA promulgated by the Secretary of Agriculture of the United States.

## III.  FACTUAL ALLEGATIONS

5. In a series of three transactions, E.W. Brandt sold and shipped perishable agricultural commodities (cherries and apricots) to Exclusive Produce in the course of interstate commerce at Exclusive Produce's request.  The produce shipments were shipped from Parker, Washington and delivered to Exclusive Produce at 1775 13th St. Ste. 3E Brooklyn, New York 11229, and were of the kind, quality, grade, and size of commodity called for in the respective invoices.

   a. On or about July 15, 2017, E.W. Brandt sold, by contract, a truckload of cherries to Exclusive Produce at the agreed price of $54,691.50 plus an 18% APR late fee (Invoice No. 141880).  The cherries were shipped F.O.B. Parker, Washington on July 15, 2017.  The produce was allegedly inspected on July 20, 2017.

   b. On or about July 14, 2017, E.W. Brandt sold, by contract, a truckload of cherries to Exclusive Produce at the agreed upon price of $63,524.00 plus an 18% APR late fee (Invoice No. 141900). The cherries were shipped F.O.B. Parker, Washington on July 17, 2017. The produce was allegedly inspected on July 20, 2017.

   c. On or about July 20, 2017, E.W. Brandt sold, by contract, a truckload of cherries and apricots to Exclusive Produce at the agreed upon price of $29,037.81 plus an 18%

COMPLAINT - 2

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  APR late fee (Invoice No. 141963).  The cherries and apricots were shipped F.O.B. Parker,

2  Washington on July 20, 2017.  The produce was not inspected upon delivery.

3        6.      On or about the dates of the transactions described above, E.W. Brandt forwarded to

4  Exclusive Produce invoices for said transactions, which set forth the amounts owed for the

5  purchase of the commodities.  Exclusive Produce claimed that some of the produce shipped under

6  Invoice No. 141880 and Invoice No. 141900 was damaged.  In an effort to compromise the dispute

7  and collect partial payment, E.W. Brandt provided revised invoices, but Exclusive Produce failed

8  to pay those invoices.

9        7.      E.W. Brandt has repeatedly demanded that Exclusive Produce pay the amounts due

10 and owing under the original invoices, which reflect the total amount owed to E.W. Brandt of

11 $147,352.31.  Exclusive Produce has failed to pay any amount under the invoices.  Exclusive

12 Produce's continuing failure to pay is a breach of its obligations.

### IV.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Enforcement of Reparation Award Issued by the U.S. Secretary of Agriculture)**

16       8.      Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 7 of

17 this complaint as though fully set forth herein.

18       9.      On or about April 20, 2018, E.W. Brandt filed an administrative reparation

19 complaint (the Reparation Complaint) with the U.S. Department of Agriculture (USDA) before the

20 U.S. Secretary of Agriculture, seeking an award confirming the amount due to E.W. Brandt from

21 Exclusive Produce and seeking to collect that amount.  The sales transactions that are the subject

22 of E.W. Brandt's Reparation Complaint are the same sales transactions that are the subject of this

23 complaint.  The Reparation Complaint was assigned PACA Docket No. E-R-2018-26.  A true and

24 correct copy of the Reparation Complaint is attached hereto and incorporated herein by reference

25 as **Exhibit 1**.

COMPLAINT - 3

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

10. A copy of the Reparation Complaint was duly served on Exclusive Produce. Thereafter, Exclusive Produce failed to respond to the Reparation Complaint.

11. On August 29, 2018, after due consideration of all pleadings, documents, and other evidence submitted by E.W. Brandt in connection with the Reparation Complaint, the Secretary of Agriculture issued a Reparation Order in favor of E.W. Brandt and against Exclusive Produce in the amount of $147,352.31, together with interest thereon at the rate of 18% per annum (1.5% per month) from September 1, 2017, until the date of the Reparation Order, plus interest of 2.44% per annum on the amount of $147,352.31, from the date of the Reparation Order until paid, plus the amount of $500.00 (filing fee).  A true and correct copy of the Reparation Order is attached hereto and incorporated by reference as **Exhibit 2**.

12. Full payment under the Reparation Order was due to E.W. Brandt within 30 days of the date of the Reparation Order (August 29, 2018).  In the event Exclusive Produce wished to appeal the Reparation Order, the deadline to file such appeal expired on September 28, 2018.  No appeals were filed.

13. Exclusive Produce has failed to pay any portion of the Reparation Order within the time specified by the Reparation Order and the full sum remains due.

14. As a direct result of Defendant's failure to pay the amounts awarded in the Reparation Order as described above, E.W. Brandt has suffered losses of the amounts awarded in the Reparation Order, plus recoverable post-award interest, and attorney's fees incurred in bringing this action.

15. Pursuant to PACA, if any commission merchant, dealer, or broker does not pay a Reparation Order within the time specified, the complainant (E.W. Brandt) may, within three years of the date of the order, file in the district court of the United States for the district in which it resides or in which the principal place of business of the commission merchant, dealer, or broker is

COMPLAINT - 4

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

located, a complaint setting forth the causes for which it claims damages and the order of the Secretary. 7 U.S.C. §499(g)(b).

16. The findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated (Exhibit 2), and the plaintiff shall not be liable for costs in the district court and, in the event plaintiff prevails, plaintiff shall be entitled to recover a reasonable attorney's fee to be taxed and collected as a part of the costs of the suit. 7 U.S.C. §499g(b).

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

17. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 16 of this complaint as though fully set forth herein.

18. E.W. Brandt has performed all conditions, covenants, and obligations required to be performed by E.W. Brandt under the agreements for the sale of produce described in the allegations above.

19. As a direct result of Exclusive Produce's failure to pay the amounts due to E.W. Brandt as set forth above, Plaintiff has suffered damages in the principal amount of at least $147,352.31, plus recoverable post-award interest, and attorney's fees incurred in bringing this action.

**V.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For damages in the principal amount of $147,352.31;

2. For interest thereon at the highest rate from the date the obligations became due and payable to E.W. Brandt;

3. For the costs of this lawsuit and reasonable attorney's fee incurred; and

4. For such other relief as the Court deems just and proper.

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  DATED this 2nd day of July, 2019.

HARRIGAN LEYH FARMER & THOMSEN LLP

By: s/*Shane P. Cramer*
    Shane P. Cramer, WSBA # 35099
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Telephone: (206) 623-1700
    Facsimile: (206) 623-8717
    Email: shanep@harriganleyh.com

***Attorney for E.W. Brandt & Sons, Inc.***

COMPLAINT - 6

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717