FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| E.W. BRANDT & SONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EXCLUSIVE PRODUCE, INC., <br><br> Defendant. | No. 1:19-cv-03152-SAB <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiff's Motion for Default Judgment, ECF No. 8. Plaintiff is represented by Shane P. Cramer. Defendants have not appeared. The motion was decided without oral argument. In its Motion, Plaintiff requests that the Court enter default judgment in its favor and award it damages and attorney's fees. *See* ECF No. 8. Having considered the motion and relevant caselaw, the Court **grants** Plaintiff's Motion for Default Judgment, but **denies** its request for attorney's fees.

**Factual and Procedural Background**

Plaintiff, a fruit and producer seller, alleges that it sold and shipped apricots and cherries to Defendant in three transactions in July 2017. ECF No. 1 at ¶ 5. Defendant claimed that some of the produce shipped pursuant to the first two transactions were damaged; in response, Plaintiff revised the invoices and reduced the contract price. *Id.* at ¶ 6. Defendant, however, never paid the invoices and owed Plaintiff a total of $147,352.31 under the contracts. *Id.* at ¶ 7.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT \* 1**

On April 20, 2018, Plaintiff filed an administrative reparation complaint pursuant to the Perishable Agricultural Commodities Act (PACA) with the U.S. Department of Agriculture. In its complaint, Plaintiff sought an award confirming the amount due to it from Defendant to collect that amount. *Id.* at ¶ 9. On August 29, 2018, the Secretary of Agriculture issued a Reparation Order in favor of Plaintiff and awarded Plaintiff the following damages: (1) $147,352.31 in principal; (2) $26,380.84 in prejudgment interest (1.5% per month from September 1, 2017 to August 29, 2018); (3) $3,595.39 in post-judgment interest (2.44% per annum from August 29, 2018 until paid); and (4) $500 in filing fees. *Id.* at ¶ 11. Full payment under the Reparation Order was due within 30 days of entry of the Order. *Id.* at ¶ 12. Defendant did not appeal the Order, nor did it pay any portion of the order within the 30-day time frame provided. *Id.* at ¶¶ 12-13.

Plaintiff filed its Complaint here on July 2, 2019 to enforce the Reparation Order award pursuant to PACA. Defendant was served in accordance with the Federal Rules of Civil Procedure but failed to answer or file any responsive pleading within 21 days of service. *See* ECF No. 5. On July 31, Plaintiff notified Defendant that it intended to move for default and default judgment pursuant to Federal and Local Rules 55. Defendant still failed to appear; thus, the Clerk of Court entered an order of default on August 26, 2019.

In its motion, Plaintiff requests that the Court grant it the $177,828.54 awarded in the Reparation Order, plus $6,940 in attorney's fees, or, in the alternative, $200,300.14 for breach of the original contracts.

## Discussion

Motions for entry of default judgment are governed by Federal Rule of Civil Procedure 55(b). If the plaintiff is seeking damages in a "sum certain," then the Clerk may enter default judgment; otherwise, if there is any doubt as to the sum of damages due the plaintiff, the court must enter default judgment. *Franchise Holding, LLC v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004).

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 2**

The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general rule, default judgements are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). All well pleaded allegations in a complaint are deemed admitted on a motion for default judgment. *In re Visioneering Const.*, 661 F.2d 119, 124 (9th Cir. 1981).

Based on the balance of the *Eitel* factors, the Court finds that Plaintiff is entitled to default judgment in its favor. First, Plaintiff will be prejudiced if default judgment is not entered. Plaintiff will not be awarded the money it is owed under the Reparation Order, and its only other option would be to file in either Washington state court or in New York federal court. Given that Defendant has already failed to appear and answer in this Court, requiring Plaintiff to go through this burdensome step would cause it prejudice. Second, Plaintiff's substantive claims have merit. Plaintiff has already received a judgment from the Department of Agriculture in its favor and is entitled to file suit in district court to claim damages resulting from the nonpayment of that judgment. *See* 7 U.S.C. § 499g(b). The Reparation Order serves as prima facie evidence of the substantive merit of Plaintiff's claims. *Id.* Third, Plaintiff's Complaint clearly outlines Plaintiff's claims for payment from Defendant. Fourth, although the sum of money at stake in this case is significant, Plaintiff was entitled to performance by Defendant under the

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 3**

2017 contracts. The fact that the amount due under the Reparation Order recognizing those breached contracts is nearly $180,000 does not mean that the Court must weigh this factor against granting default judgment. Fifth, there could arguably be a dispute as to material fact here—such as whether Defendant repudiated the contracts for nonconformity; this factor would weigh against granting default judgment. Sixth, there is no evidence that Defendant's failure to appear or answer was due to excusable neglect or delay. Finally, although the Federal Rules of Civil Procedure strongly prefer deciding cases on their merits, this does not weigh against granting default judgment here. Plaintiff has a valid judgment in its favor from the Department of Agriculture and has a statutory right to enforce that judgment by seeking damages in the district court.

Thus, based on these factors, the Court concludes that Plaintiff is entitled to default judgment. In its Motion, Plaintiff asserts that it is entitled to judgment either in the amount of the Reparation Order—$177,828.54—plus attorney's fees or in the amount of the original breached contracts—$200,300.14. Because the posture of this case is to enforce the Reparation Order, the Court awards Plaintiff $177,828.54 under the Reparation Order.

However, Plaintiff is not entitled to attorney's fees at this time. Under 7 U.S.C. § 499g(b), Plaintiff is entitled to "a reasonable attorney's fee" if it finally prevails at the Department of Agriculture. Although Plaintiff did prevail before the Department, Plaintiff has not met its burden of proof in order to support its claim for fees. In its Motion, Plaintiff did not include a calculation of attorney's fees or attach any affidavits or exhibits in support of its claim for fees. Rather, Plaintiff only asserted the amount of attorney's fees incurred. *See, e.g.*, ECF No. 10 at ¶ 11. Accordingly, the Court denies Plaintiff's request for attorney's fees at this time. However, Plaintiff may file a separate motion for attorney's fees—including documentation in support of its requested fee award—if it so chooses.

//

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 4**

**Accordingly, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default Judgment, ECF No. 8, is **GRANTED**.

2. Judgment is to be entered in Plaintiff's favor in the total amount of $177,828.54 as follows:

   a. $147,352.31 in principal;

   b. $26,380.84 in prejudgment interest (1.5% per month from September 1, 2017, to August 29, 2018);

   c. $3,595.39 in post-judgment interest (2.44% per annum from August 29, 2018, until paid); and

   d. $500 in filing fees.

3. Plaintiff's request for attorney's fees is **DENIED**. If Plaintiff would like to seek attorney's fees, it may file a separate motion with the Court.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and close the file.

**DATED** this 22nd day of October 2019.

*Stanley A. Bastian*
Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 5**